# IN THE COURT OF APPEALS OF IOWA

No. 16-0158
Filed January 25, 2017

**IN THE INTEREST OF T.H.,**
**Minor child,**

**T.H., Minor child,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Woodbury County, Brian L. Michaelson, Judge.

　　　　T.H. appeals from his delinquency adjudication. **AFFIRMED.**

　　　　Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Considered by Vaitheswaran, P.J., Bower, J., and Goodhue, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

T.H. appeals from a finding of delinquency based on his act of forcing I.N. to perform oral sex with him against her will and the dispositional order that requires him to register as a sex offender under Iowa Code chapter 692A (2015).

## I.    Facts and Proceedings

T.H., a child of fourteen years of age, went to I.N.'s home on or about the afternoon of July 15, 2015, and asked her to hang out with him on the porch of her home.  He told I.N., a sixteen-year-old, that he had ordered a ring that he wanted to give to her.  I.N.'s mother was at home and gave I.N. permission to join T.H.  They began kissing, and T.H. fondled I.N. over her objection.  T.H. insisted that they sit on the floor of the porch, exposed his penis, and shoved I.N.'s head toward it.  His penis came in contact with her lips when she opened her mouth to object.  He continued to push her head down, but in an attempt to get him to stop, I.N. bit his penis.  The bite ended the activity.  T.H.'s penis was bleeding, but T.H. claimed it had been injured previously.  I.N. slapped T.H. in the face, went inside, and told her mother what T.H. had done.  T.H. went home.

The police were called, and I.N. was interviewed.  I.N. was later interviewed by the Child Advocacy Center, was deposed by counsel, and testified at the adjudicatory hearing.  Her testimony was inconsistent with regard to exactly when the incident took place, how long T.H.'s penis was in her mouth, when she was aware T.H.'s penis had been injured, and the presence of pre-ejaculatory fluid in her mouth.  She was consistent with regard to where the incident occurred, her verbal protestation, T.H.'s act of forcing her head down to his penis, and her act of biting T.H.'s penis to protect herself.

T.H. was interviewed by a police detective. T.H. denied the encounter at first, but when confronted by the detective's false representation that there was a video of the incident, T.H. admitted that he had forced I.N.'s head to his penis and she had bitten it in the process. The detectives suggested that he might want to write an apology to I.N. The apology T.H. composed stated,

> Dear [I.N.],
> I sorry for forcing you to suck my penis. I'm so sorry. If you forgive me, I'll be happy. So just remember I still care about you.
> Love, [T.H.]

Significant doubt was cast on the confession by Dr. Denise Marandola, an experienced psychologist, who testified T.H. was not competent to stand trial and may have made the admission to agree with the detective as an authority figure. Nevertheless, the trial court found T.H. competent to stand trial, considered his confession, and determined I.N.'s testimony to be credible. Following the adjudicatory hearing, the court concluded T.H. had committed the delinquent act of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(a). Under this section, third-degree sexual abuse occurs when a person performs a sex act "by force *or* against the will of the other person." Iowa Code § 709.4(1)(a) (emphasis added). The trial court found T.H. committed third-degree sexual abuse "by both force, as well as against the will of" I.N.

In its dispositional order, the court noted this was not T.H.'s first involvement with the juvenile justice system and that he has received "a myriad of services in an effort to maintain him in the family home and community." The record indicates those services have not been very successful. The trial court concluded that T.H. needed treatment and posed a risk to the community.

Accordingly, it ordered that T.H. be placed in a residential treatment facility and register as a sex offender.

T.H. has appealed, contending there was insufficient evidence he committed sexual abuse by force and the statutory requirement that he register as a sex offender is a violation of the prohibition against cruel and unusual punishment contained in both the Federal and Iowa Constitutions.

## II. Preservation of Error

The State does not contest error preservation as to either issue raised by T.H.

## III. Standard of Review

The review of the sufficiency of a delinquency adjudication is de novo. *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). We are to give weight to the trial court's evaluation of witness credibility, but we are not bound by its findings. *In re D.S.*, 856 N.W.2d 348, 351 (Iowa 2014). When constitutional issues are involved, a review challenging the legality of the sentence or dispositional order is also considered de novo. *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

## IV. Discussion

### A. Sufficiency of the Evidence

Substantial evidence supports a finding T.H. committed the delinquent act of sexual abuse in the third degree by force or against I.N.'s will. There were some inconsistencies between I.N.'s testimony before the court when compared with her prior statements, interviews, and deposition. Nevertheless, as to the critical elements of the charge—including her voiced objection to T.H.'s sexual activity and the force he used—there was consistency. T.H. eventually

confessed to the essential elements of the charge. Physical evidence was absent, but there was no conflicting evidence as to the central elements of the charge, except for T.H.'s initial denial. We affirm T.H.'s delinquency adjudication.

*B. Constitutionality of the Mandatory Requirement that T.H. be Registered on the Sex Offender Registry*

Registration as a sexual offender is generally mandatory when one has committed sexual abuse in the third degree if the perpetrator is fourteen years of age or older. *See* Iowa Code §§ 692A.102(1)(c)(10), .103(1). There is no dispute that T.H. was fourteen at the time of the incident.

In arguing the sex-offender-registry requirement is unconstitutional, T.H. relies on the decisions of our supreme court that hold an individualized sentencing hearing should be held before lengthy mandatory sentences are imposed on a juvenile. *See, e.g.*, *State v. Null*, 836 N.W.2d 41, 70-71 (Iowa 2013). Failure to do so could violate the restraint against cruel and unusual punishment under the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution.

Subjecting a perpetrator to the mandatory sex offender registry would superficially be permanent, but if granted a conditional release, the perpetrator may seek a modification of the registration requirement. Iowa Code § 692A.128(1). Granted, the modification is dependent on specific qualifications, but those are the conditions that one would anticipate would be considered in an individualized sentencing hearing considering the applicability of the registration requirement. *See id.* § 692A.128(2). T.H.'s registration as a sex offender is not necessarily permanent or even for a lengthy period of time.

Furthermore, both the United States and Iowa Constitutions prohibit "cruel and unusual punishment" by the specific terms of the document. U.S. Const. amend. VIII; Iowa Const. art. 1, § 17. Our supreme court has determined that the sex-offender-registration statute and the obligations it imposes are not punishment. *State v. Willard*, 756 N.W.2d 207, 212 (Iowa 2008). The reporting and the ensuing residency restrictions are intended to protect minor children rather than to impose punishment. *Id.*

The mandatory registration requirement placed on juveniles age fourteen years and older does not violate the United States' or Iowa's constitutional prohibitions against cruel and unusual punishment.

**AFFIRMED.**